LEWIS v. THE CITY OF ST. LOUIS, *Appellant.*

1. **Evidence**: FOREIGN PROBATE OF WILL, A JUDICIAL PROCEEDING: STATUTE CONSTRUED. The probate of a will in another State is a judicial proceeding, to the record of which full faith and credit is to be given when certified in conformity to the act of Congress of 1790.

   It is not necessary to the admission of such will and the probate thereof in evidence, that they shall have first been recorded in this State, as permitted by section 34 of the statute of wills, (Wag. Stat., p. 1369).

2. **Forfeiture of Lease**: MUNICIPAL LAW. A lease granted by the town of Carondelet provided that, in case of the failure of the tenant to pay rent, the board of trustees of the town might, by order or resolution to be entered of record among the acts and proceedings of the board, declare the lease void. *Held*, that a resolution not so entered of record was ineffectual to break the lease. (*Graham v. Carondelet*, 33 Mo. 262.)

3. ————: TENDER BEFORE FORFEITURE. A declaration of forfeiture by a landlord, under a clause in the lease authorizing him to declare a forfeiture in case of non-payment of rent for a stated length of time, will be ineffectual, if, before the declaration is made, though after the expiration of the stated time, the tenant makes a tender of all rent then in arrear.

*Appeal from St. Louis Court of Appeals.*

*E. Casselberry* and *Leverett Bell* for appellant.

*James Taussig* and *N. Holmes* for respondent.

NORTON, J.—This cause comes here by appeal from the

St. Louis court of appeals, and is an action of ejectment, commenced by Simon E. Lewis in the circuit court of St. Louis county, against the city of Carondelet, in 1860, for the recovery of lot 16, in survey No. 2, of the common of Carondelet, north of the river Des Peres, in said county, containing nine arpents and forty-nine hundredths. The petition is in the usual form, and the answer contains a general and a specific denial of the allegations therein  In 1870, by virtue of an act of the General Assembly, the city of Carondelet became merged into the city of St. Louis, and in April, 1870, the city of St. Louis, on its own application, was substituted as defendant. The death of Simon E. Lewis having been suggested in September, 1873, the present plaintiffs, on the 3rd of April, 1874, were substituted, as the legal representatives of said Lewis, as plaintiffs in his stead. Upon a trial of the case by the court, judgment was rendered for plaintiffs, from which defendant appealed to the St. Louis court of appeals, where, upon trial, the judgment of the circuit court was affirmed, from which the defendant has appealed to this court.

Plaintiffs, in support of their title and right to recover, offered in evidence a lease by Carondelet of the lot in question to Delphy Carlin, dated 19th day of July, 1843, and running ninety-nine years, for the yearly rent of $5.88, payable at the end of each and every year. The lease also contained, among other stipulations, the following: That if at any time the year's rent of any one year, or any part thereof, should remain unpaid six months after due, the board of trustees of the town of Carondelet might, by order or resolution, to be entered of record among the acts and proceedings of said board, declare such lease void; whereupon said lease should determine and end, and the trustees might enter and take possession of the demised premises. The plaintiffs also offered evidence showing the assignment of this lease to one Grimsley, and by him to Brownlee, and by Brownlee to Simon E. Lewis, whose descendants and representatives plaintiffs claim to be. Plaint-

iffs also offered in evidence a certified copy of a will of Simon E. Lewis, dated in 1870, a copy of the probate thereof, and an alleged copy of letters testamentary, all from the probate court of Grant county, State of Wisconsin. This evidence was objected to on the ground that neither the will, nor a duly certified copy thereof, had been filed or recorded in St. Louis county. The objection was overruled, and the evidence received. Plaintiffs also offered evidence tending to show that the plaintiffs were the children and representatives of the said Simon E. Lewis.

The first eight sections of said will made various bequests, and the ninth provided that after all the bequests were complied with, the remainder of his estate should be equally divided between his wife and children and their descendants, and nominated his wife, Mary C. Lewis, and his son, John S. Lewis, as his executors, empowering them to sell, dispose of and convey any and all real and personal property which they might deem necessary in the settlement of his estate. Plaintiffs also offered in evidence a deed to the property in dispute, dated November, 1874, from Mary C. Lewis and John S. Lewis, executors of Simon E. Lewis, to the plaintiffs in this suit. This deed was objected to on the ground that the acknowledgment was defective, and that it had never been recorded, and was irrelevant.

The evidence on the part of the plaintiffs tended to show that on the 19th day of January, 1858, one Barth, the agent of Lewis, offered to pay to the collector of Carondelet all that was due from Lewis on the lot of land in controversy; that he paid the sum of $14, all that was demanded, and supposed that it included rent as well as taxes, but on subsequent examination of the receipts given him, it only covered the taxes. Plaintiffs also offered evidence showing a tender to the proper officer of the city, in the fall of 1858, of all rent due on said property from

Lewis, which was not received, because of an alleged for-
feiture of the lease which had been taken.

The defendant, on its part, offered in evidence a cer-
tified copy of the resolution of the council of the city of
Carondelet, of date May 10th, 1858, in substance declaring
that the rents reserved upon various leases (of which the
lease to Carlin was one) are in arrear, and have been unpaid
for six months since the same became due and payable, and
still remain unpaid, and resolving that the said leases
be, and they are, declared void. Said preamble and reso-
lution, closing with the words above mentioned, were
adopted by the council, and the mayor of the city approved
and signed the same. The defendant read in evidence
what purported to be a copy of the foregoing preamble
and resolution, which concluded with the words: "Ap-
proved May 10th, 1858. Michael Chartrand, Mayor." The
above copies were objected to on the ground that they were
not true exemplifications of the record, which was offered
to be established by comparison with the original record
book of the proceedings of the council then in court. The
objection was overruled, subject to the right of plaintiffs
to impeach the same. The defendant also offered in evi-
dence a certified copy of a resolution of the council, of
date November 13th, 1866, forfeiting a number of leases
for non-payment of rent, and among the number was the
lease to Carlin of the lot in controversy. This resolution
was approved and signed by the mayor, as required by the
charter, and was spread in full on the record of their pro-
ceedings. The chief errors complained of, and to which
our attention has been called, were as to the action of the
court in receiving evidence objected to by defendant.

The objection made to the reception of the certified
copy of the will and its probate, on the ground that a copy
1. EVIDENCE: for-
eign probate of
will, a judicial
proceeding: stat-
ute construed.  of the same had not been recorded in St.
Louis county, we think, not well taken, and
its reception was fully justified by the opin-
ion of this court heretofore rendered in the case of *Bright*

*v. White*, 8 Mo. 421, where it was held that such evidence was receivable, on the ground that the probate of the will was a judicial proceeding in another State, and that, when properly attested, it was to be received as evidence in any other court in the United States. The doctrine of this case was approved in *Haile v. Hill*, 13 Mo. 618, where it is said that the probate of a will is regarded as a "judicial proceeding," to the record of which "full faith and credit" is to be given when certified to in conformity to the act of Congress of 1790.

It was not objected that the record was not properly certified; the only objection being that section 34 of the act concerning wills required a copy to be recorded in St. Louis county before it could be received in evidence. To give this section the construction contended for, would make it conflict with section 51 of the act concerning evidence, and the cases we have above referred to. It may be observed that section 34, *supra*, had a place on our statute book when the above cases were decided. Rev. St. 1835, §§ 19, 20, p. 619, and Rev. St. 1845, §§ 36, 37, p. 1084. It may also be observed that the above sections, as well as section 34 of the present statute of wills, which gives the right to put on record an authenticated copy of a foreign will, and makes a copy of such recorded exemplification evidence, give a right which would not have otherwise existed, and is affirmative in its character, and cannot have the effect to repeal section 51, Wag. Stat., page 598, which declares that the records and judicial proceedings of any court of the United States, or any State, when properly authenticated, shall have such faith and credit given to them in this State as they would have at the place whence they came. An affirmative statute does not repeal a precedent affirmative statute, and if the substance be such that both may stand together, they shall have a concurrent efficacy. Dwar. St., p. 474.

The objection made to the admission of the deed in evidence, was not well taken, since the official character

of the officer taking the acknowledgment sufficiently appears.

The evidence, which we think was properly admitted, establishes the right of plaintiffs to recover, unless the lease 2. FORFEITURE OF made to Carlin of the lot in question was LEASE: munici-pal law. forfeited and declared null, as provided in the charter and in the lease itself. Defendant attempted to do this, but under the views expressed by this court in the case of *Graham v. Carondelet*, 33 Mo. 262, failed in the attempt. It was held in that case, that a similar lease to the one involved in this case could only be terminated by order or resolution, to be entered on record among the acts and proceedings of the board. " The entry on the record of a certain form of words is not sufficient, for it is an order or resolution which must be so entered, and there can be no resolution until it is approved and signed by the mayor. It is necessary, then, in order to terminate the lease, that there must be a resolution, approved and signed by the mayor, (for this the charter requires,) and entered on record among the acts and proceedings of the board, (for this the lease requires)." In the case before us, the record of the acts and proceedings of the board of councilmen of Carondelet fails to show that any resolution, approved and signed by the mayor, was entered thereon, and, under the authority of the above cases, we are forced to declare the attempted forfeiture of the Carlin lease a nullity. The principle declared in the above case was re-affirmed and approved in the case of the *City of Carondelet v. Wolfert*, 39 Mo. 312..

Under the authority of this last case, the tender made by Lewis in the fall of 1858 was sufficient to prevent a for-3. ——: tender feiture for rent due at that time, although before forfeiture. previous to the tender the city could, by proper proceedings, have forfeited the contract and declared the lease void. Hence it follows that the court below acted properly in refusing to instruct that the forfeiture of Carlin's lease made in 1866, and offered in evidence, deprived the plaintiffs of the right to recover in this case.

It having been shown that the plaintiffs were the children and heirs of Simon E. Lewis, and it also having been shown that Mary C. Lewis and John S. Lewis who were empowered by the will of said Simon E. Lewis to sell, dispose of and convey all the real and personal estate of said Simon, had conveyed by deed to plaintiffs the property in controversy, it is wholly immaterial whether the lease-hold interest be considered as land, or as being merely a chattel real, or personal property. In either view of it, the right of plaintiffs to maintain the action would remain. Judgment affirmed, the other judges concurring.

AFFIRMED.