## BRADSTREET v. KINSELLA, *Appellant.*

1. **Statute of Limitations**: ADVERSE POSSESSION. Upon a plea of the statute of limitations, the only evidence given of possession during the first year of the statutory period was that defendant's grantor went once upon the land, set up two stakes at what he was told were corners, tried to ascertain the boundaries, and afterward paid the taxes for the year. *Held*, that this did not amount to possession, and the plea was not sustained.

2. **Trust for Benefit of Married Woman**: DIRECTION TO TRUSTEE TO CONVEY: WILL. A deed in trust for the use of a married woman made it the duty of the trustee to convey the premises to such person as she might at any time designate in writing. By her last will she made her husband her residuary devisee. The trust property had never been conveyed in her lifetime, and was not otherwise disposed of by the will. After her death the trustee conveyed to her husband. *Held*, that this conveyance was a nullity, but the title passed by virtue of the residuary clause of the will.

3. **Foreign Probate of Will, as Evidence.** The probate of a will in another state is a judicial proceeding, to the record of which full faith and credit is to be given, when authenticated as required by the act of Congress: and it is not necessary to the admission of such will with the probate thereof in evidence that they shall have been recorded in this State. Following *Lewis v. St. Louis*, 69 Mo. 595.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*R. S. Moore* and *Taylor & Pollard* for appellant.

*C. H. Mansur* and *L. T. Collier* for respondent.

HENRY, J.—This is an action of ejectment for lot No. 2 of the northwest quarter and east half of north half of lot 3 of southwest quarter of section 19, township 58, range 22, in Livingston county. There was a trial of the cause in the Livingston circuit court, resulting in a judgment for plaintiff, from which defendant has appealed.

Both parties claim under Stanford Graves. Plaintiff's evidence consisted of a deed from said Graves and wife to

Morris Knight, executed in May, 1860; deed from Knight and wife to plaintiff, executed in October, 1860, with testimony relative to the monthly value of the premises and damages.

Defendant's evidence consisted of a deed from plaintiff to J. J. Miller, dated August 29th, 1861, conveying the lands in controversy to said Miller, in trust "for the sole use and benefit of Minerva D. Bradstreet, the wife of said Edward P. Bradstreet, her heirs and representatives, until such time as she, or they shall in writing request him, the said trustee, to convey said premises unto such party or parties as she or they may designate, and with such request said Miller shall at all times comply;" a deed from the sheriff of Livingston county, dated May 12th, 1864, conveying the interest of Stanford Graves in the land in question to T. B. Jones; and a quit-claim deed from said Jones to defendant, dated October 21st, 1865. The last two deeds were offered merely to show color of title, and the real defenses relied upon, are the statute of limitations and that plaintiff had no title.

With respect to adverse possession, Jones, for defendant, testified, that he went to look at and was upon the land in September, 1864; that he set up two stakes on what he was told were two of the corners, and tried to ascertain the boundary lines; paid taxes on the land in 1865 for the taxes assessed for that year; thought he owned the land, and treated it just as he did his other lands which were, as this, too wet and swampy for cultivation. Defendant testified, that he went into possession of the land in October, 1865, and had paid taxes on it ever since; that it was assessed to him, and he had always treated and used it as his own; had taken firewood from it each year, and the land had been recognized and known in the community as his; that it is too wet for cultivation.

Plaintiff, in rebuttal, introduced in evidence a copy of the last will and testament of Minerva D. Bradstreet, with the probate thereof, duly authenticated under the act of

Congress, containing the following clause : " Third, I give and bequeath to my dear husband, Edward P. Bradstreet, all the residue of my real estate, and all my interest in any, wherever situated." It is conceded that the land in controversy was not otherwise disposed of by the will. The will was admitted to probate in the probate court of Hamilton county, Ohio, and the defendant's objection to it as evidence, was that it had never been filed or recorded in the probate court of Livingston county, Missouri, or recorded in any other office in this State, and that the will had never been probated in accordance with the laws of this State. Plaintiff then introduced a deed from J. J. Miller, trustee of said Minerva Bradstreet, conveying said land to plaintiff, to which defendant objected, because the notary's certificate of acknowledgment was not in substance as required by the statute of Missouri.

On the foregoing testimony the court, for plaintiff, instructed the jury :  That the deeds from Graves to Knight and from Knight to plaintiff, and from plaintiff to Miller, and from Miller back to plaintiff, showed a perfect title in plaintiff to the land ; and refused instructions asked by defendant based upon the statute of limitations.

The suit was instituted in January, 1875, and defendant Kinsella took possession in October, 1865. Conceding that his possession was open, notorious and adverse, it had continued but nine years and eight months when this suit was commenced, and his grantor had never had possession of the land. He was but once on the land and then set up two stakes at what he was told were corners of the land, tried to ascertain the boundaries, but does not say he succeeded, and paid the taxes assessed for that year (1865). These are all the acts of ownership he ever exercised, and they did not amount to possession. There was, therefore, no evidence on which to warrant instructions asked by defendant, based upon the statute of limitations, as it was not pretended that defendant's own possession, unless coupled with the alleged pos-

1. STATUTE OF LIMITATIONS : adverse possession.

session of Jones, his grantor, had continued for a sufficient length of time to bar plaintiff's right.

The court erred in the instruction given for plaintiff. The deed to Miller in trust for plaintiff's wife, did author-

2. TRUST FOR BENE-
FIT OF MARRIED
WOMAN: direc-
tion to trustee to
convey: will.

ize him, whenever she should request him in writing, to convey the land to whom she might indicate, but a last will and testament has no effect until after the death of the testator. It speaks only from that date. The death of Mrs. Bradstreet terminated the relation of trustee and *cestui que trust* between her and Miller. If she had died intestate, the land would at once have vested in her heirs. The will could give him no authority to convey the land even if therein she had expressly requested Miller to convey it to plaintiff.

She had the right to devise the land, and this court held in *Lewis v. The City of St. Louis*, 69 Mo. 595, that the

3. FOREIGN PRO-
BATE OF WILL, AS
EVIDENCE.

probate of the will in another state is a judicial proceeding, to the record of which full faith and credit is to be given, when authenticated as required by the act of Congress; and that it is not necessary to the admission of such will with the probate thereof, that they shall have been recorded in this State under section 34 of the statute of wills, Wagner's Statutes 1369. That case, which is decisive of this, on that question, seems to have been overlooked by respondent's counsel and the trial court.

The circuit court properly declared, on the evidence adduced, that plaintiff had the legal title to the land, and we will not reverse the judgment because the conclusion reached by that court was based on an erroneous theory. All concurring, the judgment is affirmed.