KEITH et al., *Appellants*, v. KEITH.

1. **Estates for Life and in Remainder :** ADVERSE POSSESSION. The possession of a life tenant is not adverse to the estate of the remainderman, and he cannot, by his declarations, acts or claim of a greater or different estate, make it adverse, so as to enable himself or others claiming under him to invoke the statute of limitations.

2. **Adverse Possession :** ACCEPTANCE OF DEED FOR LESS THAN THE FEE. Acceptance of a deed from the true owner granting a life estate to the acceptor, with remainder over, waives any rights the latter may have acquired by a former adverse possession, and precludes him and those claiming under him from asserting that his subsequent possession is adverse as against the remainderman.

3. **The Probate of a Will** is a judicial proceeding, and when made in another state a copy properly authenticated under the laws of the United States, is to be received in evidence in the courts of this State under section 1, article 4 of the Constitution of the United States.

*Appeal from Lafayette Circuit Court.*—Hon. Wm. T. Wood,
Judge.

Reversed.

*Wallace & Chiles* for appellants.

*Alex. Graves* for respondents.

Henry, J.—This is a suit for partition of several contiguous tracts of land, in Lafayette county, among the children and grandchildren of James M. Keith, deceased, plaintiffs alleging that said James M. Keith, under the will of his father, James W. Keith, and a deed executed to him by the administrators with the will annexed of his father's estate, had a life estate in said lands, with remainder in fee simple to the children of said James M. Keith. Said will was made in Clarke county, Kentucky, on the 27th day of January, 1849, and admitted to probate in the county court of Clarke county on the 26th day of May, 1851, and the deed from the administrators of the estate of James W. Keith to James M., was executed May 13th, 1858, and was recorded in Lafayette county April 17th, 1879, a few days after the death of James M. Keith, which occurred in March or April, 1879.

Defendants, John Johnson and John A. S. Tutt, in their answer, set up a claim to the lands, based upon the following alleged facts : That in March, 1877, said James M. Keith borrowed of said Johnson and executed his note for $1,850, and also executed a deed of trust to Tutt, conveying the lands in question to secure said loan, without any notice to Tutt or Johnson that he had only a life estate in the lands; that James M. Keith had, for thirty years prior to the execution of said note and deed of trust, been in the open, notorious and continuous adverse possession of said lands, claiming and using them as his. The plaintiffs, by their replication, denied all of said allegations.

The evidence for plaintiffs tended to prove that after

the death of James M. Keith, the deed from Huston and Donney, administrators with the will annexed of the estate of James W. Keith, conveying a life estate to said James M., with remainder to his children, was found among his papers and placed upon record. On the trial plaintiffs offered as evidence the last will of James W. Keith and the probate thereof, duly certified under the act of Congress, which was rejected by the court, on the ground that it was not recorded or probated in Lafayette county. They then offered the deed from the administrators of the estate of said James W. Keith to said James M. Keith, which was also rejected. That deed purports to have been executed under and by virtue of said last will and testament of James W. Keith. It was admitted that the title to the land was in James W. Keith at the time of his death, which occurred in Kentucky in 1849. For defendants the testimony tended to prove the allegations in the answer of Johnson and Tutt, and there was evidence in rebuttal offered by plaintiffs tending to prove the contrary.

We have not thought it necessary to incumber this opinion with the testimony, or with the numerous instructions given and refused, thirteen in number, seeing no good purpose which would be subserved by incorporating them bodily into this opinion. The court found the issues for defendants and rendered a judgment accordingly, from which plaintiffs have appealed.

One, the only instruction given for plaintiffs, declared correctly that if James M. Keith was seized of an estate 1. ESTATES FOR LIFE for life with remainder in fee to his chil-
AND IN REMAINDER:
adverse possession. dren, then his possession was not adverse to the estate claimed by the children, and that he could not, by his declarations, acts and conduct, and claim of a greater or different estate, make his possession adverse to his children, so as to enable him, or Tutt and Johnson claiming under him, to invoke the statute of limitations by setting up such possession. *Salmons v. Davis*, 29 Mo. 176.

The instructions for defendants were, except one, in

relation to the admissibility and effect of the last will and
testament of James W. Keith, and the deed
executed by the administrators of his es-
tate to James M. Keith. The other declared
that if James M. Keith, before the death of his father, was
in the open, notorious, adverse and continued possession of
the lands, claiming to be the owner thereof in fee, and as-
serting title thereto against James W. Keith and all others,
the statute of limitations began to run in his favor against
his father, whose subsequent decease did not suspend the
operation or prevent the running of the statute in favor of
said James M., and if the latter so continued in possession
down to the date of the execution of the deed of trust, and
the same was for a period of more than ten years duration
prior to the execution of said deed of trust, then the stat-
ute vested in said James W. a good title to said lands.

*2. ADVERSE POSSES-
SION: acceptance of
deed for less than
the fee.*

This instruction, as applied, is erroneous. James M.
Keith entered into possession of the lands in 1846, and,
conceding that this was such a possession as would have
barred the real owner, if continued for a period of ten years,
yet that real owner, his father, died in 1851, having left a
last will and testament by which he devised to James M.
the land in question, for life, with remainder to James M.
Keith's children, and in May, 1858, the administrators of
his father's estate, under and in pursuance of said last will
executed to him a deed for the land, which he accepted and
retained in his possession to the day of his death. This
deed related back to the will under which it was executed,
and, accepting the deed, James M. Keith's title under the
will dated back to its probate the 26th day of January,
1851, and it is admitted that in 1849 the title was in James
W. Keith. The benefit of any adverse possession was
waived by the acceptance of the deed, and this occurred
years before Johnson lent James M. Keith the money and
took the deed of trust to secure it. If James M. Keith in-
tended to rely upon his adverse possession he should have
refused to accept the deed, but he could not accept that

deed, by which a remainder in fee, after his life estate, was conveyed to his children, and then defeat their title by either a pretended or real adverse possession. It would have been such a fraud upon them as the law would not tolerate. After accepting that deed his title was circumscribed by its terms, and he could not " set up pretensions to an absolute estate, so as to make his possession an adverse one to the reversioner or remainderman." *Salmons v. Davis, supra.* " The reason of this is, that there is no right of action in the reversioner until the particular estate has determined, and the possession of the tenant is entirely consistent with the title of the reversioner."

The admissibility of the record of probate of the will, and of the will, and of the deed from James W. Keith's administrators to James M. Keith, are the only remaining questions which we deem it necessary to notice. In *Bright v. White*, 8 Mo. 421; *Haile v. Hill*, 13 Mo. 618, and *Lewis v. City of St. Louis*, 69 Mo. 599, it was expressly declared that the probate of a will in another state is a judicial proceeding, and, when properly authenticated under the laws of the United States, is to be received in evidence in the courts of other states, under section 1, article 4 of the Constitution of the United States. The sections of our statute in relation to recording and probating wills were critically examined in *Lewis v. City of St. Louis, supra,* and the doctrine announced in the earlier cases was re-annunciated, and we see no reason for departing from it.

3. THE PROBATE OF A WILL.

Under this view the court erred in excluding the will and the record of its probate, and the deed in question; and the judgment is reversed and the cause remanded for a re-trial, in conformity with this opinion. All concur.