DRAKE, *Appellant*, v. CURTIS *et al.*

1. **Will, Probate of**: RECORD AND JUDICIAL PROCEEDING: ADMISSION OF FOREIGN WILL IN EVIDENCE. The record of the probate of a will is a record and judicial proceeding within the meaning of the act of congress, and it is not necessary to the admission of a foreign will with the probate thereof in evidence, that they should have been recorded in this state.

2. **Evidence**: DEED BY DEVISEE: IDENTITY OF GRANTOR AND DEVISEE. Where a devisee in a will conveys his interest in the land devised by a name different from that contained in the will, the identity of the grantor with the devisee named in the will should be established to entitle the conveyance to admission in evidence.

*Appeal from Scotland Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED.

*Myers & Moore* for appellant.

There is nothing in the plea of ten years possession. Plaintiff has shown that he has purchased Curtis' interest, whatever that may have been, and this raises a *prima facie* right to recover, unless defendants can show a better title than that of the common grantor. 64 Mo. 545. There is nothing inconsistent in plaintiff showing title through Curtis and also through the other source. The petition sufficiently describes the land. Defendants admit they were in possession, and have no right to complain of the description. The evidence shows Joel Curtis held as agent only, and his possession could not have been adverse to his principal. 43 Mo. 153. The court erred in excluding the certified copy of the will of Curry. 13 Mo. 612; 50 Mo. 579; 80 Mo. 125; 31 Mo. 40. A will probated according to the laws of Iowa is sufficient

Drake v. Curtis.

to pass title to real estate owned in Missouri, and if properly authenticated, should be admitted in evidence. Con. U. S., sec. 1, art 4. Possession and improvement on a part of the land under color of title, is sufficient possession of the whole tract to authorize the plaintiff to maintain ejectment against defendants, who have no title to the part of the tract in their possession. 49 Mo. 397; 43 Mo. 556; 53 Mo. 305; 60 Mo. 59; 64 Mo. 545; 74 Mo. 142.

*McKee & Jayne* and *Bartlett & Givens* for respondents.

The instruction of the trial court to find for respondents was correct. There was no sufficient authentication of the will of Wm. Curry to admit it as evidence in the cause. *Neale v. McKinstry*, 7 Mo. 129. Neither the clerk of the county court nor the notary public had authority to take proof of the execution of wills under the Revised Statutes in force at that time. See Revised Statutes of Missouri for the year 1845, page 1,081, section 18, being the law under which this will was attempted to be probated. And no commission was ever issued to said clerk, or notary public to take the evidence of said will. No authenticated copy of said will ever was recorded in this state, and could not, therefore, pass title to real estate here. R. S., Mo. 1845, p. 1084, secs. 35, 36. The will could not pass title without being recorded here, and the attempted authenticated copy of the record of the will from Iowa could not be received as evidence here. Without record here the will has no extra territorial force in this state. *Cabanne v. Skinker*, 56 Mo. 357. There was no evidence that the deeds from the persons mentioned in the bill of exceptions, were deeds of the children and heirs of Jack and Tena, as mentioned in the will of Curry. As to the limitation claimed by re-

spondents in their answer, appellant's own evidence showed that Joel Curtis had been in possession of said lands for more than ten years before the commencement of this action and improved the same. Appellant had no such possession as would enable him to maintain this action.

HENRY, C. J.—This is an action of ejectment for the possession of a tract of land in Scotland county, which is a part of an eighty acre tract entered by one William Curry, who received a patent from the government therefor. By his last will and testament, and the third clause of the same, he manumitted his slaves, Jack and Tena, and their children, eight in number, naming them. He afterwards immigrated to the state of Iowa, Lee county, where he died, and his will was duly admitted to probate in the state of Iowa.

Plaintiff offered a certified copy of the proceedings of the probate court of Lee county, Iowa, and of the judgment of that court probating the will; but on objection made by defendant it was excluded. Other testimony was offered by plaintiff, but the trial resulted in a judgment for defendant, from which this appeal is prosecuted. The exclusion of the certified copy of the record of the probate of the will necessarily defeated the plaintiff's recovery. That excluded, there was no testimony showing the title out of Curry's heirs. Was it error to exclude the evidence? Since the decision of *Bright et al. v. White*, 8 Mo. 421, it has been uniformly held by this court that "the record of the probate of a will is a record and judicial proceeding within the meaning of the act of congress of May 26, 1790." 13 Mo. 618; *Lewis v. City of St. Louis*, 69 Mo. 595; *Bradstreet v. Kinsella*, 76 Mo. 63. "And it is not necessary to the admission of such will with the probate thereof, that they shall have been recorded in this state under section

34 of the statute of wills." Wag. Stat. 1360. Cases above cited.

As the judgment must for this error be reversed for a new trial, it will not be amiss to call attention to other errors which, we think, were committed and might be repeated in another trial. Plaintiff's deeds from the devisees in Curry's will were admitted without proof of the identity of the grantors with the devisees named in the will. In the third clause of the will the testator manumitted Jack and Tena and their children, Milly, Charles, Jeremiah, Delphy, Jacob, Sarah, Abraham and Dicky. By the fourth clause he gave all his property to Jack and Tena and their children, whom he had named in the preceding clause, and the effect was, therefore, the same as if the devise had been to Jack and Tena and the children by name. There was no necessity for proof of the identity of Jack, Jacob, Jeremiah, Sarah or Charles, who in those names executed the conveyances made by them; but Mary McDowell executed a deed claiming to be the daughter of Milly, and that deed was admitted without proof of Milly's death, or that the said grantor was her only heir, or, in fact, a sole heir or joint heir with others ; and Bell Brown and her husband executed a deed, she claiming to be the "Dicky" named in the will, and it was admitted without any proof of that fact. No deed was shown from Delphy or Abraham. The judgment is reversed and the cause remanded. All concur.