KEITH *et al.* v. KEITH *et al.*, JOHNSON, *Plaintiff in Error.*

1.  **Deed by Foreign Administrator: REGISTRY: NOTICE.** A deed to land in this state from foreign administrators comes within the provisions of the recording acts of this state and should be recorded, and where it is not done no one can be charged with constructive notice of it.

2.  **Foreign Wills: PROOF: REGISTRY.** A will executed and probated in another state, in a manner complying with the law of this state, need not be proved anew here, but may be recorded here as domestic wills are required to be recorded.

3.  ———: TRANSFER OF LAND. A will, to be of any vaidity as a transfer of title to land, must be executed, attested and probated in the manner prescribed by the law of the state where the land is located.

4.  ———: ———. A will, executed and probated in Kentucky, in a manner complying with the law of this state, does not, as against one not having actual notice of the same, have the effect of passing the title to real estate in this state, unless the same is recorded in the county where the land is situate.

5.  **Practice in Supreme Court.** The general rule is that, where a case has been decided by the supreme court and again comes before it, only such questions will be considered as were not determined on the former appeal. There are, however, exceptions to this rule, but this case *held* not to come within the exception.

*Appeal from Lafayette Circuit Court.*—HON. J. P. STROTHER, Judge.

REVERSED AND REMANDED.

*Graves & Aull* for plaintiff in error.

(1)  The executor's deed was erroneously admitted in evidence. It should have been recorded in this state. (2)  The very same (and only the same) faith and credit must be given this alleged will, probate thereof, and executor's deed as would be given thereto in a Kentucky court. *Pennoyer v. Neff*, 95 U. S. 723. That being so, by the law of Kentucky, these documents would not be admitted, because : (*a*) The Kentucky supreme court decides that a Kentucky executor has no power to act beyond the limits of that state, and cannot appeal to the law of another state for authority. *Taylor v. Railroad*, 78 Ky. 348 ; *Minor v. Cardwell*, 37 Mo. 350 ; *McCarty v. Hall*, 13 Mo. 481 ; *Cabanne v. Skinker*, 56 Mo. 367. (*b*)  In order to entitle this will to become evidence of title the proof of the subscribing witnesses should have been embraced in the transcript. *Williams v. Jones*, 14 Bush, 419. (*c*)  The Kentucky county courts are courts of inferior jurisdiction. *Taylor v. Commonwealth*, 3 J. J. Marsh. 401. And the Kentucky courts will not take official notice of their proceedings. *March v. Commonwealth*, 12 B. Mon. 28, (3)  The case of *Keith v. Keith*, 80 Mo. 125, is in direct conflict with *Kerr v. Moon*, 9 Wheat. 565 ; *Doe v. McFarland*, 9 Cranch, 151 ; *U. S. v. Crosby*, 7 Cranch, 115 ; *McCormick v. Sullivan*, 10 Wheat. 192 ; *Carmichael v. Elmendorf*, 4 Bibb (Ky.) 484 ; *Lucas v.*

*Tucker*, 17 Ind. 41 ; 3 Redf. on Wills. (3 Ed.) p. 23, sec. 5 ; p. 34, sec. 19 ; p. 35, sec. 20 ; Abbott's Trial Ev. 109, 110, 144, 159.

*Wallace & Chiles* for defendants in error.

The court below did not err in admitting in evidence the certified copy of the will of James W. Keith, deceased. Our statute, evidently, contemplates "the probate" of a will made in another state, in the state where made, and the admission of an "authenticated copy" of such will and "the probate" thereof, "in evidence," in this state. R. S. secs. 3992, 3993. (2) In *Robartson v. Barbour*, 6 Mon. — ; *Bright v. White*, 8 Mo. 421, and *Haile v. Hill*, 13 Mo. 618, it is held that "the record of the probate of a will" is a judicial proceeding under the act of congress of May 26, 1790, being the act "in relation to the authentication of laws and records." See also, *Lewis v. City of St. Louis*, 69 Mo. 595 ; *Keith v. Keith*, 80 Mo. 125 ; *Bradstreet v. Kinsella*, 76 Mo. 63; *Gaines v. Fender*, 82 Mo. 497. (3) The decision in *Keith v. Keith*, *supra* is *res adjudicata*. *Gaines v. Fender*, *supra ; Cresy v. Alverson*, 43 Mo. 13. (4) The court did not err in admitting the executor's deed in evidence. R. S. 1855, p. 141, sec. 1 ; R. S. 1879, sec. 137 ; Acts 1883, pp. 23, 24 ; *Dilworth v. Rice*, 48 Mo. 124 ; *Evans v. Blackiston*, 66 Mo. 437. (5) The authorities cited by plaintiff in error do not apply to this case.

BLACK, J.—This is a suit between the children and grand-children of James M. Keith for the partition of two hundred and eighty acres of land in Lafayette county. John Johnson is a defendant because of a deed of trust held by him on two hundred and forty acres of the same land.

On the first trial, the court held the deed of trust to

be a valid lien on the land. That judgment was reversed on an appeal prosecuted by the parties opposed to Johnson ( 80 Mo. 125 ). On the second trial, the circuit court held the deed of trust to be of no validity as against the children and grand-children of James M. Keith. No bond having been given on the first appeal, the property was sold and the proceeds, to the amount of $1,782, were applied to the payment of Johnson's debt ; and the balance divided among the other parties according to their interests in the land. While the ultimate question now is, whether Johnson shall make restitution, still that question must be determined by a trial of the rights of the parties to the property.

The facts are these: James W. Keith, who was the father of James M. Keith, died a resident of the state of Kentucky, leaving a last will which was probated on the twenty-sixth of May, 1851, in the county court of Clark county, in that state. James M. Keith then resided on the land in suit, but it is admitted that the title was in James W. Keith at the time of his death. The will, after giving a description of the land in suit, disposes of it by the use of these words : "I hereby will and direct that a good and sufficient deed for said land shall be made by my executors to my said son James for and during his life and at his death in fee to his children." The nominated executors declined to act, and the court granting the probate appointed Houston and Downing administrators with the will annexed, who made a deed to James M. Keith, giving him a life estate, remainder to his children ; this deed of the foreign administrators bears date May 13, 1858, but was not recorded in Lafayette county until April 17, 1879, and nine or ten days after the death of James M. Keith. The deed was found among his papers after his death. The deed of trust from James M. Keith to Tutt, trustee for Johnson, was executed some two years before the death of James M. Keith and was made to secure money then loaned Keith. The will was never

probated in this state, nor was an authenticated copy ever recorded in Lafayette county.

1. The deed from the foreign administrators to James M. Keith is an instrument which comes within the provisions of our recording acts, and should have been recorded. As it was not recorded when Johnson made the loan and took the deed of trust, he cannot be charged with constructive notice of it. It is not shown that he had actual notice. As to him, then, there was no such deed, and it is therefore unnecessary to determine the question whether these foreign executors had or had not the power to make a valid deed to lands in this state. The deed, good or bad, is out of the case so far as the appellant, Johnson, is concerned. But if Johnson is to be charged with constructive notice of the will, then it is immaterial whether he had notice of the deed or not, for the will shows that James M. Keith was to have a life estate only in the land.

The question, then, is whether Johnson is to be charged with constructive notice of this foreign will. Our statute provides that any person owning real property in this state may devise the same by last will, executed and proved according to the laws of this state. Section 3993 enacts: "Authenticated copies of such wills and the probate thereof shall be recorded in the same manner as wills executed and proved in this state, and shall be admitted in evidence in the same manner and with like effect." Section 3994 is in these words : " Any such will may be contested and annulled, within the same time, and in the same manner, as wills executed and proved in this state." Other sections provide that wills proved in this state shall be recorded by the clerk of the probate court in a book to be kept for that purpose. It was not necessary that this will should have been proved anew in Lafayette county, but the will being executed and probated in Kentucky in a manner complying with our law, it was sufficient to

record it here, as domestic wills are required to be recorded. It was held in *Lewis v. St. Louis*, 69 Mo. 595, that a certified copy of a foreign will and its probate could be used and read in evidence in this state for the purpose of showing a transfer of title to land in this state, though not recorded here. That ruling was followed in this case when it was here before, and in the subsequent case of *Drake v. Curtis*, 88 Mo. 644, and in some intermediate cases. The question of constructive notice from a foreign will, not recorded here, was not considered in any of these cases, but it is presented on this appeal, and determines the appellant's rights in this case.

No principle of law is better established in the United States than this, that the transfer of title to real estate must be in accordance with the law of the state where the property is situate. So a will, to be of any validity as a transfer of title to land, must be executed, attested and probated in the manner prescribed by the law of the state where the land is located. *Cabanne v. Skinker*, 56 Mo. 357; Story on Conflict of Laws, sec. 474; *McCormick v. Sullivant*, 10 Wheat. 192, and cas. cit.; *Lucas v. Tucker*, 17 Ind. 41; Jarman on Wills, 1; 1 Red. on Wills. (3 Ed.) 398; Whart. on Conflict of Laws, sec. 587. It would seem to follow from this general principle that if the laws of this state dispense with proof anew of a foreign will, then such laws must be complied with in order to give the foreign will the force and effect of a proved domestic will, and this is the clear ruling in the case of *McCormick v. Sullivant*, *supra*, and it is also the deduction to be drawn from what was said in *Cabanne v. Skinker*, *supra*. In *McCormick v. Sullivant*, *supra*, the contest was over lands located in Virginia and Ohio. Says the court in that case: "We are all of the opinion that the probate of a will in Pennsylvania cannot be considered as constructive notice to any person of the lands in

controversy." The supreme court of Texas uses this language: "We hold, therefore, that the probate of the will in Tennessee, in 1865, was not notice of the contents of it to parties in Texas dealing together in buying and selling the Texas lands." *Slaton v. Singleton*, 9 S. W. Rep. 876.

But we are met with the argument that, because the federal constitution and the act of congress and the statute of this state (R. S. 1879, sec. 2321) all provide that the records and judicial proceedings of the courts of other states shall have such faith and credit here as they have in the courts of the states from whence they are taken, that therefore we must give to this foreign probate full force and effect, and for this reason the will may not only be read in evidence here, but is constructive notice to persons dealing with lands in this state, though not recorded here. It is conceded that the probate of a will made in conformity with our law is a judicial act. This we have often held. 31 Mo. 40; 43 Mo. 19; 48 Mo. 131; 72 Mo. 312. It was assumed in *Bright v. White*, 8 Mo. 421, and decided in *Haile·v. Hill*, 13 Mo. 613, that the probate of a will was a judicial act within the meaning of the act of congress. But in both of these cases the contest was over movable property, and the wills had been probated at the domicil of the testator; so that those cases have no bearing upon this case. When the Kentucky court admitted this will to probate, it adjudged it to be executed according to the laws of that state, and we accept that adjudication as conclusive upon that subject; but it did not undertake to say that the will transmitted the title to the Missouri land. That court did not assume to make any such adjudication. The probate of the will then does not have the credit in that state of affecting the title to land in this state, and hence we are not called upon to give it a credit here that it does not have in the courts of the state where the probate is declared. The

force and effect which we must give to this Kentucky probate does not depend upon the said act of congress nor our statute relating to the same subject, so far as real property located in this state is concerned, but it depends wholly upon the statute before quoted dispensing with proof anew, and declaring what force and effect shall be given to a will, properly executed, probated in another state, and recorded here. Moreover the courts of that state are without jurisdiction over the titles to land located in this state. The clause of the federal constitution and the act of congress before referred to apply only so far as the courts of the other states have jurisdiction. This principle of law is too well settled to call for further discussion. The same is true in respect of our statute before noted relating to the same subject. Says the supreme court of New Jersey in a recent case, when speaking of this clause of the federal constitution: "Hence the probate of a will in one state, though conclusive as to title to personalty, if probate be made at the domicile of the testator, is of no force in establishing the sufficiency or validity of a devise of land in another state. It can obtain such force only in virtue of some law of the state in which the land is situated." *Nelson v. Potter*, 15 Atl. Rep. 376. The court of appeals of Kentucky also holds that the act of congress has no application to the probate of wills, as to lands in that state, the will having been probated in another state. *Williams v. Jones*, 14 W. P. D. Bush, 418.

It follows from what has been said that in no event can this unrecorded will have any greater force and effect than an unrecorded deed, which would be constructive notice to no one. So far as defendant Johnson is concerned, James W. Keith is to be deemed to have died intestate, and the deed of trust will hold whatever interest James M. Keith would have as an heir at law of James W. Keith; what that interest is, does not appear.

The general rule is, that, where a case has been decided by this court and again comes here by appeal or writ of error, only such questions will be noticed as were not determined on the former appeal. *Overall v. Ellis*, 38 Mo. 209 ; *Chambers' Adm'r v. Smith's Adm'r*, 30 Mo. 156 ; *Metropolitan Bank v. Taylor*, 62 Mo. 338 ; *Hamilton v. Marks*, 63 Mo. 167 ; *Boone v. Shackleford*, 66 Mo. 494. These cases show that exceptions have been made to the general rule. The present case, however, comes within the general rule, for the question here decided was not considered on the former appeal. Of course the will may yet be recorded, but the recording of it now cannot affect Johnson's rights.

The judgment is therefore reversed and the cause remanded to be proceeded with in accordance with this opinion. BARCLAY, J., not sitting, the other judges concur.