KEITH *et al.* v. KEITH *et al.;* JOHNSON, *Appellant.*

DIVISION ONE.

**Appeal:** MANDATE, FOLLOWING DIRECTIONS OF. The judgment of the lower court being in accordance with the decisions of, the supreme court on former appeals (80 Mo. 125; 97 Mo. 223) is affirmed.

*Appeal from LaFayette Circuit Court.*—HON. J. E. RYLAND, Special Judge.

AFFIRMED.

BRACE, J.—This case is now before us for the third time. It is a suit for partition. The facts are fully stated and the questions of law determined in the two opinions heretofore rendered herein (80 Mo. 125; 97 Mo. 223), and neither need now be restated or reviewed.

When the case was last here we held that "So far as defendant Johnson is concerned James W. Keith is to be deemed to have died intestate, and the deed of trust (appellant's) will hold whatever interest James M. Keith would have as an heir-at-law of James W. Keith; what that interest is does not appear." 97 Mo. 230. When the case was remanded there was but one thing

for the circuit court to do, so far as the interest of appellant was concerned in the premises, and that was to ascertain, as a matter of fact, what the interest of the said James M. Keith would have been as heir-at-law aforesaid in that part of the premises sold in the proceeding that was covered by appellant's mortgage, and award him such proportionate part of the proceeds of such sale. This the court did; found that the interest of the said James M. Keith would have been one-seventh thereof; awarded the same to appellant, and, finding that he had already received of the proceeds of the sale more than such proportionate part, awarded restitution of the amount of the excess to the other parties in the suit according to their respective rights and interests, and rendered judgment therefor in their favor against appellant for the amount of such excess. This is just the judgment that should have been rendered in the case in accordance with the decision of this court, and it is affirmed. All concur.