FENDERSON, Respondent, v. MISSOURI TIE AND
TIMBER COMPANY, Appellant.

**St. Louis Court of Appeals, February 2, 1904.**

1. **WILLS: Foreign Exemplified Copy: Probate Necessary.** Under
   sections 4634 and 4635, Revised Statutes of 1899, an exemplified
   copy of a foreign will, though authenticated according to the
   act of Congress by the official custodian thereof, is not suffi-
   cient to prove a testamentary transfer of title to lands in this
   State, without an exemplification of the judgment of some court
   admitting the will to probate.

2. ———: ———: ———: **Presumption from Record.** The fact
   that an authenticated copy of a foreign will appears to have
   been recorded does not raise the presumption that it was ad-
   mitted to probate, so as to dispense with evidence upon the sub-
   ject.

3. **NAMES: Question of Fact.** Where the evidence shows that it
   was possible to read the name of a grantee in a deed, as either
   Mack or Mock, it was for the trial court to say whether the
   former name was intended.

Appeal from Ripley Circuit Court.—*Hon. J. L. Fort,*
Judge.

REVERSED AND REMANDED.

*J. C. Sheppard* and *Dinning & Hamel* for appel-
lant.

Plaintiff failed to prove title in fee or otherwise in
himself to the land in his petition described for two
reasons, viz.: (1)   The deed from Jacob Van Wormer
to Charles C. Mock vested the title to said premises in
said Mock.   This is a link in plaintiff's chain of title.
Next plaintiff introduced a deed from Charles C. Mack
to Robert Jennison.   This was introduced over the ob-
jections of appellant.   There was no evidence that

Charles C. Mack was Charles C. Mock. On this question not a scintilla of evidence was introduced. M-o-c-k and M-a-c-k are not *idem sonans*. Names are said to be *idem sonans* if the attentive ear finds difficulty in distinguishing them when pronounced: The names M-o-c-k and M-a-c-k do not have such a similarity of sound, when pronounced, that a difference would not be observed by an attentive ear. M-o-c-k and M-a-c-k do not sound at all alike, and it was not shown by common usage, a different pronunciation of the word M-a-c-k when used as a proper name. Geer v. Lumber & Mining Co., 134 Mo. 85; Wheeler v. Weaver, 93 Mo. 432; Robson v. Thomas, 55 Mo. 582; Simonson v. Dolan, 114 Mo. 179; Chamberlain v. Blodgett, 96 Mo. 482; Black v. The State, 57 Ind. 109; Com. v. Donovan, 95 Mass. 57; Weber v. Ebling, 2 Mo. App. 15; People v. Amenn, 76 Ill. 188; State v. Havely, 21 Mo. 498. (2) The copy of the will of William Armstrong, which was introduced in evidence over the objections of appellant, did not vest title to the land in question. A copy of a will, or the record thereof, when recorded, is not admissible in evidence. A will or a copy of the record thereof, must be duly probated by the court of the domicile of the testator having jurisdiction to take proof and probate wills, and the probate of a will in a State other than where the land devised is situated must be made according to the laws of the State wherein the land is situated. Keith v. Keith, 97 Mo. 223; Gaines v. Fender, 82 Mo. 497; Van Syckel v. Beam, 110 Mo. 589; 1 Am. Law of Administration (Woerner), 2 Ed., sec. 226; Graves v. Allen, 100 Mo. 300; Graves v. Ewart, 99 Mo. 17; Cabanne v. Skinker, 56 Mo. 357; Story on Conflict of Laws, sec. 474; McComack v. Sullivan, 10 Wheat. 192 and cases cited; Lucas v. Tucker, 17 Ind. 41; Jarman on Wills, 1; 1 Red. on Wills (3 Ed.), 398; Whart. on Conflict of Laws, 587.

*Thomas F. Lane* for respondent.

(1) The evidence in this case clearly shows that plaintiff was, at the date of the alleged trespass, the owner in fee of the land described in this petition, hence he is entitled to recover herein. The defendant's first point of attack on the record title of plaintiff is a deed from the common source of title Jacob Van Wormer to Charles C. Mock or Mack, dated February 12, 1862, and recorded in book "I." This is a warranty deed in due form. And every presumption of law tends to support its validity. The question as to whether the names Mack or Mock are *idem sonans* does not enter into this case in view of the record as affected by stipulation printed on page 2 of respondent's brief; the judgment of the trial court sitting as a jury is conclusive on the finding of facts. We deem it unnecessary to cite many authorities to support this elementary principle. (2) It is not necessary in order to the admission of the copy of the will that such will shall have been admitted to probate in this State or recorded in said office of such court. The will in this case which was made in Kentucky was held admissible in evidence over the objection that its admission to probate in Kentucky was not sufficiently authenticated. The probate of the will in another State is a judicial proceeding, to the record of which full faith and credit is to be given, when authenticated as required by the act of Congress. Bradstreet v. Kinsells, 76 Mo. 63; Drake v. Curtis, 88 Mo. 644. (3) Under the laws of this State the will could not be filed and recorded in the probate court until proved as required by statute. Section 4632, R. S. 1899. And the probate courts having original exclusive jurisdiction in the matter of wills their judgments can not be attacked collaterally, and their judgments are attended by every presumption as to their force and validity as courts of general jurisdiction. Banks v. Banks, 65 Mo. 432; the fact that a foreign court uniformly exercised jurisdic-

tion over a subject is in the absence of the proof to the contrary evidence that the jurisdiction is lawful. Robertson v. Staed, 135 Mo. 135; Allen v. Sales, 56 Mo. 28. (4) .Every presumption is indulged in favor of the regularity and validity of a judgment. Kane v. McCowan, 55 Mo. 181; Bearden v. Miller, 54 Mo. App. 199. Decrees of courts of sister States are presumptively valid, and this presumption must prevail until overcome by proper proof. Athony v. Rice, 110 Mo. 223, 19 S. W. 423. (5) The courts of Missouri do not take judicial notice of the laws of our sister States, but in the absence of proof to the contrary, they will be presumed to be the same as our own. Selking v. Hebel, 1 Mo. App. 340; Conrad v. Fisher, 37 Mo. App. 371; State v. Baty, 166 Mo. 564.

GOODE, J.—Action for damages for trespass on lands by cutting and removing trees from it. The land was wild and not in the actual possession of any one; but plaintiff asserts the right to maintain this action by virtue of the constructive possession which he says he had as owner of the fee. Both parties claim under Jacob Van Wormer as the common source of title; the plaintiff under a warranty deed executed by said Van Wormer in his lifetime to Charles C. Mack and subsequent transfers of the title to the plaintiff; the defendant under a quitclaim deed from the heirs of Van Wormer. In plaintiff's chain of title is the will of William Armstrong. This will was executed February 22, 1886, in Bradford county, Pennsylvania, where Armstrong resided. It is an essential link in plaintiff's title and the only question of moment in the case is whether or not the certified copy of the will from the office of the register of wills of Bradford county, which was introduced by the plaintiff, was sufficient evidence to show that the title to the land passed by the will to Emeline Armstrong, the devisee. The document introduced comprises. a copy of the will of William Armstrong with

the attesting clause, signed by two witnesses, and the certificates of Wm. J. McCabe, register of wills of Bradford county and A. C. Fleming, president judge of the court of common pleas or orphan's court for Bradford county. The execution and attestation of the will complied with the statutes of this State, and the authentication of the copy complies with the act of Congress. But the plaintiff offered nothing, as said, except an exemplification of the will itself, with the attesting clause, and the certificate of the register that he had compared the copy with the original on file and of record in his office and found the same to be a true copy of and transcript of the original record. What is lacking is an exemplification of the record of the probate of the will in the proper court of Bradford county, Pennsylvania, if it was ever proved. The defendant insists that for the will to be operative as a conveyance in plaintiff's chain of title, it was necessary for it to be proved, and that for the record introduced in evidence to establish this necessary link in his chain of title, it was necessary to have an exemplification of the decree or judgment, authenticated according to the act of Congress. This point must be granted. Our statutes provide that any person owning real or personal estate in this State may devise or bequeath such property by last will, executed and proved if real estate be devised, according to the laws of this State; or if personal estate be bequeathed, according to the laws of this State or of the country, State or Territory in which the will was made. They further provide that authenticated copies of such wills, *and the probate thereof,* shall be recorded in the same manner as wills executed and proved in this State, and shall be admitted in evidence in the same manner and with like effect. R. S. 1899, secs. 4634, 4635. For aught that appears, the will in question may have been on file in the office of the register of wills in Bradford county, Pennsylvania, but never have been proved in a court of competent jurisdiction, to be the will of the testator Arm-

strong; and no one will contend that a will can pass title to land until it is proved. The statutes just cited determine that proposition; which has, moreover, been the subject of adjudication.

In Keith v. Keith, 97 Mo. 223, it was said that a will, to be of any validity as a transfer of title to land, must be executed, attested and proved in the manner prescribed by the laws of the State where the land is located. That remark was made in reference to a foreign will. In the same connection the opinion says in effect, that though the law of this State dispenses with proof here of a foreign will which has been proved in the foreign forum according to our law, our law must be complied with in order to give the foreign will the force and effect of a proved domestic will; citing Mc-Cormick v. Sullivant, 10 Wheat. 192; Cabanne v. Skinker, 56 Mo. 357.

In Lewis v. St. Louis, 69 Mo. 595, an exemplification of a will executed in Wisconsin, and of its probate in Grant county in that State, was admitted in evidence over the objection of the defendant, that the will had not been recorded in this State. The precise point determined was that if it had been duly executed and proved in Wisconsin it could be received in evidence in this State, although not recorded here. The same thing was decided in Drake v. Curtis, 88 Mo. 644.

In Gaines v. Fender, 82 Mo. 497, it was ruled that a foreign will need not be proved nor recorded in this State to make it competent evidence, provided it was duly executed and proved in the State of its execution. The objection was made in that case to the record offered in evidence, that there was no proof of the probate of the will in Kentucky, the State where the testator executed it. This was ruled against the appellant; not on the ground that such probate in Kentucky was unnecessary; but on the ground that the exemplification offered in evidence was a properly authenticated copy of

the record of the judgment of the Kentucky court establishing the probate of the will.

Charlton v. Brown, 49 Mo. 353, which the plaintiff invokes as an authority in favor of the propriety of receiving in evidence the record in question, is an authority against his position. The will offered in the case was executed in Missouri, and the objection to its admission was that the exemplified copy of the record of the probate, which was offered, did not embrace the testimony given by the witnesses to the will when it was proved. But the record showed the probate of the will, and this was held sufficient and that it was unnecessary to insert in the exemplified copy of the judgment of probate, the evidence on which the judgment was rendered.

None of the decisions lend countenance to the proposition that an exemplified copy of a foreign will, though authenticated according to the act of Congress by the official custodian of wills in the foreign jurisdiction, is sufficient to prove a testamentary transfer of title to lands in this State, without an exemplification of the judgment of some court admitting the will to probate. To so hold would be to disregard the express words of the statutes, which declare that authenticated copies of foreign wills and the probate thereof shall be admitted in evidence, and that any person owning real estate in this State may devise it by will, executed and proved according to the laws of this State.

Error was committed in the reception of the record of the will offered by the plaintiff as sufficing to show a transfer of title, and the judgment must be reversed and the cause remanded to allow the plaintiff to complete, if possible, his proof.

We will attend a moment to the plaintiff's argument that the certificate to the copy of the will shows it had been recorded and that it could not be recorded until it was proven. This is a *non sequitur*. Certainly, we can not presume there was judicial action by the

proper court in taking proof of this will, and dispense with evidence on the subject, merely because the will happens to be recorded.

An objection was made against the admission of a deed executed by Charles Mack, on the ground that the deed from Van Wormer under which Mack claimed, was made to Charles Mock. As to this point, suffice to say, that the evidence shows it was possible to read the name of the grantee in the deed Van Wormer made as either Mack or Mock, and as the letter "a" is often carelessly formed in writing so as to resemble "o," we think it was for the trial court to say whether or not the grantee intended was Charles Mack.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.