GREGORY, *Administrator*, v. McCORMICK, *Appellant*.

Division One, March 5, 1894.

| 120 | 657 |
| 73a | 635 |
| 120 | 657 |
| 80a | 554 |
| 120 | 657 |
| 158 | 271 |
| 120 | 657 |
| 87a | 192 |
| 120 | 657 |
| 91a | 550 |

1. **Parties:** FOREIGN EXECUTOR. A foreign executor or administrator can not maintain in this state an action to recover a debt due the estate of his decedent.

2. ——— : ——— : DEMURRER : WAIVER. An objection that such foreign executor or administrator has no capacity to sue if apparent on the face of the petition is waived by a failure to raise it by a special demurrer.

3. **Note:** COLLATERAL AGREEMENT. Defendant's liability on a note in suit is not impaired by a written agreement made at the time of its execution reciting its execution and delivery by B to plaintiff with defendant as a joint maker and providing that if through B's default, defendant has to pay any part of the note the payee will indorse such payment as made by him and deliver to him a proportional part of certain stock received by plaintiff from B as collateral security.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*Dickson & Smith* for appellant.

(1) The court erred in refusing to give the instruction in the nature of a demurrer to the evidence

VOL· 120—42

offered by appellant at the close of respondent's case in chief, and again at the close of appellant's case. A foreign executor or administrator has no power beyond the limits of the state granting his letters, and no right to maintain, beyond such limits, an action to recover assets, unless expressly permitted by the law of the state in which such action is brought. *McCarty v. Hall*, 13 Mo. 488; *Morton v. Hatch*, 54 Mo. 411; *Naylor's Adm'r v. Moffatt*, 29 Mo. 128; *McPike v. McPike*, 111 Mo. 225; *Cabanne v. Skinker*, 56 Mo. 357; *In Re Partnership Estate Ames*, 52 Mo. 290; *Scudder v. Ames*, 89 Mo. 522; *State ex rel. v. Osborn*, 71 Mo. 86. (2) *First.* The court erred in admitting evidence offered by respondent after the case was closed, under the elemental rules respecting the limitation of testimony to the issues raised, and character of testimony that may be introduced in rebuttal, and in accepting said stock as proved to be the stock appellant will be entitled to upon payment of the note. And in ordering said stock to be deposited in court. *Second.* And erred in refusing leave to appellant to present an affidavit as to surprise, with respect to the evidence touching said stock. R. S. 1889, sec. 2096. (3) The court erred in giving a peremptory instruction to the jury to find for respondent, competent testimony to support issues properly raised having been admitted on behalf of appellant. McQuillin's Pl. and Pr., secs. 777, 778, 780, 781; *Rippey v. Friede*, 26 Mo. 523; *Bankston's Adm'r v. Farris*, 26 Mo. 175; *Taylor v. Short*, 38 Mo. App. 21; *Matthews v. Co.*, 50 Mo. 149 and 198; *Deere v. Plant*, 42 Mo. 60; *McKown v. Craig*, 39 Mo. 156; *Thompson v. Botts*, 8 Mo. 710; *Samuel v. Potter*, 28 Mo. App. 365. (4.) The court erred in refusing to give first instruction asked by appellant, as it bears directly upon an issue raised, and testimony uncontradicted was given to sustain it. *Perry v. Barrett*, 18 Mo. 140;

McQuillin's Pl. and Pr., secs. 773, 302; *Duncan v. Fisher*, 18 Mo. 403; *Moore v. Mountcastle*, 72 Mo. 605; *Noll v. Oberhellman*, 20 Mo. App. 342; *Railroad v. Atkinson*, 17 Mo. App. 494; *Considerant v. Brisbane*, 14 How. Pr. 488; *Sorrells v. McHenry*, 38 Ark. 133; Boone on Code Pleading, sec. 22.    (5)   The court erred in refusing to give second and third instructions asked by appellant.    Both are based upon issues raised and admitted testimony to sustain the same.    McQuillin's Pl. and Pr., secs. 778, 781, 777, 913; *Benton v. Klein*, 42 Mo. 97; *Bower v. Lazelere*, 44 Mo. 384; *Owens v. Rector*, 44 Mo. 389; *Turner v. Loler*, 34 Mo. 461; *Patchin v. Biggerstaff*, 25 Mo. App. 534; *Rippey v. Friede*, 26 Mo. 523; *Matthews v. Co.*, 50 Mo. 149–198; *Deere v. Plant*, 42 Mo. 60; *McKown v. Craig*, 39 Mo. 156; *Naftzger v. Gregg*, 31 Pac. Rep. 612; *Bank v. Wood*, 19 N. Y. S. 81; *Williams v. Williams*, 67 Mo. 665; *Pfeiffer v. Kingsland*, 25 Mo. 66; *Cook v. Elliott*, 34 Mo. 586; *Grady v. Ins. Co.*, 60 Mo. 116; *Hartman v. Redman*, 21 Mo. App. 126.

*Nathan Frank* and *C. W. Bates* for respondent.

(1)  *First.*   A foreign executor or administrator under the act of April 20, 1891 (Laws of Mo., 1891, p. 68), has capacity to sue in the courts of Missouri to recover the proceeds of a note belonging to the estate, if entitled to the proceeds in the state where appointed. *Second.*    The petition before the amendment was made set out the representative capacity in which plaintiff sued, and his want of capacity to sue should have been raised by demurrer.    Bliss on Code Pleading, sec. 409; *Y. M. C. A. v. Dubach*, 82 Mo. 475; R. S. Mo. 1889, secs. 2043, 2047.    (2)   The burden of proof was on defendant to prove that the note was without consideration.    The collateral agreement does not constitute

any defense to the note, unless payment to the plaintiff's intestate had been pleaded and proved. (3) Under the pleadings and evidence, there was nothing to submit to the jury. *Henshaw v. Dutton*, 67 Mo. 666; s. c., 59 Mo. 139; *Wislizenus v. O'Fallon*, 91 Mo. 184. (4) The instructions asked by appellant were properly refused, because there is no testimony to sustain them.

BRACE, J.—This is an action upon a promissory note, as follows:

"$5,000.    KANSAS CITY, Mo., February 21, 1890.

"Six months after date, for value received, I promise to pay to George H. Paul, or order, five thousand dollars, at the Commercial Bank of Milwaukee, Wisconsin, with interest after date at the rate of eight per cent. per annum until paid.

"WALTER P. BISHOP.
"Due August 21, 1890.    R. P. McCORMICK."

The petition is in the usual form on a negotiable promissory note, prefaced with the following averment: "Plaintiff states that on the eighteenth day of May, 1890, George H. Paul departed this life, and thereafter, to wit: on the third day of September, 1890, letters of administration on the estate of the said George H. Paul were duly granted to John G. Gregory, the plaintiff, by the probate court of Milwaukee county, state of Wisconsin, and that thereupon the plaintiff duly qualified as such administrator. That as said administrator the note herein sued on came into his possession, and that under the laws of the state of Wisconsin he is the person entitled to the proceeds of such cause of action, and is entitled to sue for same."

By the answer, the execution of the note sued on by the defendant and Bishop was admitted. The death of the said Paul, and the appointment of the plaintiff

as his administrator as alleged in the petition was put in issue, and it was therein averred that at the time of the execution of the note and as a part of the same transaction the following agreement in writing was entered into between said Paul and the defendant:

"KANSAS CITY, Mo., February 21, 1890.

"Whereas, Walter P. Bishop has this day executed and delivered to George H. Paul his promissory note, with R. P. McCormick as a joint maker with him thereon, and has placed with the said Geo. H. Paul, as collateral security for the payment of said note, fifty (50) shares of stock in the Ft. Scott Cement Manufacturing Co.

"Now, therefore, it is agreed and understood by and between said McCormick and Paul, that, if said W. P. Bishop does not pay his said note, and should said McCormick have to pay the same, or any part thereof, for him (Bishop), that said Paul will indorse the amount or amounts of such payment on said note of the same date when paid, stating by whom paid, and an amount of stock equal to such payment in dollars shall be delivered to said McCormick as security for recovery of amount or amounts so paid.

"GEO. H. PAUL.

"D. P. THOMAS, witness.

"I agree to the conditions of the above contract.

"WALTER P. BISHOP.

"KANSAS CITY, Mo., February 21, 1890."

The supposed legal effect of this agreement is thrice pleaded in the answer as a defense to this action. The reply was a general denial.

On the trial the plaintiff gave in evidence letters of administration granted to him by the probate court of Milwaukee county, Wisconsin, upon the estate of George H. Paul, deceased, dated September 30, 1890,

and certain sections of the revised statutes of that state pertaining to the administration of the estate of deceased persons; read in evidence the note sued on, and rested. Thereupon the defendant demurred to the plaintiff's evidence, and his demurrer being overruled, introduced James C. Reiger as a witness, whose evidence tended to prove the contemporaneous execution of the note and agreement aforesaid on the twenty-first day of February, 1890, and that the consideration of the note was fifty shares of the capital stock of the Fort Scott Cement Manufacturing Company on that day transferred by the said Paul to the said Bishop, and by the latter pledged as stated in the agreement as collateral security for the payment of the note. The defendant then read the agreement in evidence and rested. Thereupon the plaintiff called the same witness by whom he proved the signature to the certificates for said shares of stock assigned by said McCormick to Bishop, and in open court made a tender thereof in accordance with the terms of the agreement, saving, however, his objection that the agreement pleaded, and that portion of the answer which pleads that plaintiff had not made tender, did not constitute any defense to the action. The court thereupon directed the stock to be delivered to the clerk to be held subject to the order of the court. The defendant then asked for leave to file an affidavit showing surprise at the evidence in regard to the certificates, which was refused, and the court thereupon instructed the jury that under the pleadings and the evidence in the case the verdict should be for the plaintiff for the face of the note sued on without interest. The jury returned a verdict in accordance with this instruction and from the judgment entered thereon the defendant appeals.

I. There can be no doubt that the petition stated a cause of action upon the promissory note, of which

the circuit court had jurisdiction if brought by the proper party. The proper party to have brought the action would have been an administrator appointed under the laws of this state. The right of a foreign executor or administrator to bring an action for the recovery of a debt due his decedent has never been recognized, but uniformly denied, under our laws. *McPike v. McPike*, 111 Mo. 216; *Cabanne v. Skinker*, 56 Mo. 357; *Morton v. Hatch*, 54 Mo. 411; *Naylor's Adm'r v. Moffatt*, 29 Mo. 128. There is nothing in the contention that the policy of our law in this respect was changed by the act; approved April 20, 1891 (Sess. Acts 1891, p. 68). An analysis of that act is unnecessary. Its terms negative the idea that it was thereby intended to authorize suits to be brought by foreign executors or administrators. It follows that if a special demurrer, on the ground that "the plaintiff had not legal capacity to sue" had been interposed in this case, under the provision of section 2043, Revised Statutes, 1889, it must have been sustained; but no exception to the petition which upon its face showed the character in which plaintiff sued, having been taken by demurrer, that objection was waived. R. S. 1889, sec. 2047; *Spillane v. Railroad*, 111 Mo. 555; *Association v. Dubach*, 82 Mo. 475; *Bulkley v. Iron Co.*, 77 Mo. 105; *State to use v. Sappington*, 68 Mo. 454; *Fuggle, Adm'r v. Hobbs*, 42 Mo. 537; Bliss on Code Plead., sec. 409, and cases cited.

II. The whole scope of the defense in this case is that the promissory note and the written contract contemporaneously executed, constitute but one contract and the absolute promise in the note is rendered conditional by the terms of the agreement, and that when the defendant proved and introduced the agreement in evidence it was a complete defense to plaintiff's action, and he could then only recover by amending his peti-

tion so as to count upon the contract, after making tender of the fifty shares of capital stock. This is an entire misconception of the force and meaning of the written agreement. It in no way undertakes to qualify the absolute promise in the note, but on the contrary recites the defendant's absolute undertaking as joint maker of the note, as the inducement for making the agreement, which had nothing to do with the absolute promise of the defendant as maker to pay the note according to its tenor and effect, but with the shares of capital stock pledged to secure its payment and to which, under the agreement, he acquired no right whatever except upon the payment of the whole or a part of the note. The payment of the note was not conditioned upon the delivery of the stock. It was the delivery of the stock that was conditioned upon the payment of the note. The agreement of the parties was reduced to writing; its terms could not be, and were not, varied by the parol evidence. The consideration of the note was unimpeached, and when the evidence was in for the plaintiff in chief, and for the defendant, there remained nothing for the court to do but to construe the contract and direct a verdict for the plaintiff—which the court finally did, after going out of the issues to hear evidence in regard to the certificates, and permitting a tender of them in open court, all of which was improper, but which constitutes no error that could have in any way affected the result. The judgment is affirmed. All concur, except BARCLAY, J., absent.