SOMMER, Administrator, Respondent, v. FRANK-
LIN BANK, Defendant; STRODE, Adminis-
trator, Appellant.

**St. Louis Court of Appeals, November 29, 1904.**

1. **FOREIGN ADMINISTRATOR: Capacity to Sue.** A foreign administrator has no legal capacity to sue in this State.

2. ———: ———: **Waiver.** But where it appears upon the face of the petition that he is an administrator appointed in a foreign State and is suing as such, his incapacity is waived unless it is taken advantage of by special demurrer.

3. **ADMINISTRATION: Right to Administer.** A public administrator in this State has no right to administer upon the estates of deceased persons who were not residents of this State at the time of their deaths.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood*, Judge.

AFFIRMED.

*Rassieur & Buder* for appellant.

(1) A foreign executor or administrator has no power beyond the limits of the State where his letters were granted, and no right to maintain beyond such limits, an action to recover assets, unless permitted by the law of the State in which such action is brought. Morton v. Hatch, 54 Mo. 411; Naylor's Admr., v. Moffatt, 29 Mo. 128; McPike v. McPike, 111 Mo. 225, 20 S. W. 12; Cabanne v. Skinker, 56 Mo. 357. (2) The policy of our law in that respect was not changed by sec. 548, Revised Statutes 1899. Gregory, Admr., v. McCormick, 120 Mo. 657, 25 S. W. 565. (3) Respondent cannot successfully maintain to be the trustee of an express trust, because he neither holds the legal title to the certificate of deposit sued on, nor was the contract, which he seeks to enforce, made in his own name. Tittman v. Thornton, 107 Mo. 506, 17 S. W. 979; Fur-

Sommer v. Bank.

niture Co. v. Raddatz, 28 Mo. App. 210; Draper v. Farris, 56 Mo. App. 412; Snider v. Express Co., 77 Mo. 523; Springfield v. Weaver, 137 Mo. 670, 37 S. W. 509, 39 S. W. 276.

*Geo. S. Grover* for respondent.

(1) This suit is instituted and maintained by the plaintiff in a dual capacity, viz: (a) As the personal representative of the Misses Bothe. As such representative the legal title to the fund here sued for is vested in the plaintiff. (b) As the attorney in fact for the heirs of Misses Bothe. The fund belongs to those heirs, and the equitable title is vested in them. Under that power of attorney, or contract with the heirs, the plaintiff is the trustee of an express trust under our statute. He is, therefore, entitled to maintain the action and recover the fund. Richardson v. Cole, 160 Mo. 372, 61 S. W. 182; section 547, R. S. 1899, p. 238. (2) He is fully authorized to sue for and recover this fund in Missouri under the laws of Texas. Merriweather v. Joy, 85 Mo. App. 634; section 598, R. S. 1899, p. 252; Gregory v. McCormick, 120 Mo. 663, 25 S. W. 565; Hat Co. v. Hombs, 127 Mo. 399, 30 S. W. 183; State ex rel. v. Withrow, 108 Mo. 7, 18 S. W. 41; Crenshaw v. Ullman, 113 Mo. 633, 20 S. W. 1077; Edmonson v. Phillips, 73 Mo. 57. (3) The public administrator has neither claim nor title to this fund, and is not authorized to administer upon it. Section 292, R. S. 1899, p. 184. (4) This fund is distributable under the laws of Texas, not of Missouri, and hence the public administrator is not, and cannot be concerned in its distribution. Nor is this fund subject to collateral inheritance tax in Missouri. Section 254, R. S. 1899, p. 177; section 299, R. S. 1899, p. 186; Carter v. Owens, 41 Ala. 217; Lloyd Estate, 24 Pa. County Court 567; Stringfellow v. Early, 15 Tex. Civ. App. 597; Walton v. Ambler, 29 Neb. 626.

BLAND, P. J.—Meta Bothe died at Galveston, Texas, December 17, 1900, and her sister Elsa died at the same place March 19, 1901. They were both single and unmarried. The plaintiff was duly appointed administrator of the estates of both decedents, and qualified as such, in the State of Texas, under and by virtue of the laws thereof. Among other assets in Texas, plaintiff found a certificate of deposit issued to the two decedents for the sum of $4160 by the Franklin Bank. Plaintiff, as administrator, demanded payment of the certificate from the bank but was refused, whereupon, in April, 1903, in his representative capacity, as administrator, he commenced suit against the Franklin Bank, in the St. Louis circuit court, to recover the amount of the certificate of deposit. Pending the suit and prior to the filing of the answer of the defendant bank (filed October 12, 1903) the wills of both decedents, which had been prepared by Leo S. Rassieur, Esq., for decedents in the city of St. Louis, and by them left in his custody, were produced and duly probated, in the probate court of said city, and defendant Strode, public administrator of the city of St. Louis, pursuant to an order of the probate court, took charge of the estates of both decedents with their wills annexed.

The answer of the bank admitted its indebtedness on the certificate of deposit, set forth the claim of plaintiff, as administrator under the laws of Texas, and of Strode, as the Missouri administrator, and asked that Strode be made party defendant and be required to interplead for the fund, and that it be allowed to pay the fund into court, a proper allowance be made for its costs and attorneys' fees and it be permitted to go hence. The court made an order that Strode interplead for the fund. In compliance with the order, he filed his interplea alleging that decedents were residents of the city of St. Louis at the time of their deaths, the fact of the making and probating of their wills,

denying that they were residents of the State of Texas at the time of their deaths and alleging that they went from their home in the city of St. Louis to Galveston, Texas, on a visit with the intention of returning to St. Louis, their home.

It appears that both decedents, prior to going to Galveston, Texas, in the summer of 1900, resided in the city of St. Louis and had resided there for several years. They went to the office of Mr. Rassieur, their attorney, before going to Galveston and executed wills, by which each made the other her sole legatee, and left these wills in the keeping of their attorney. After going to Texas, they had some business correspondence with him in respect to their bank account with the Franklin Bank. There is substantial evidence both ways, that decedents went to Galveston where their mother was buried, with the intention of making it their permanent home; and that they went on account of ill health, intending, as soon as sufficiently restored to health, to return to St. Louis and resume their former occupation of teaching school. The evidence shows that they owed no debts in Missouri and none in Texas, except funeral expenses. Their only heirs were aunts and uncles and their descendants, all of whom reside in Germany. All these heirs known to be living gave to Heinrich Bothe power of attorney to collect and receipt for the moneys of the estates, and Heinrich Bothe in turn executed a power of attorney for himself and the other heirs to plaintiff, authorizing him to collect and receipt for the moneys of both estates, describing plaintiff in the power of attorney as "the administrator of the estates of Meta and Elsa Bothe." The judgment was that after paying the costs, the balance of the fund be paid to plaintiff. Defendant Strode appealed.

1. On the trial plaintiff undertook to claim the fund in a dual capacity, that is, as administrator and as trustee of an express trust claimed to have been created

by the power of attorney given him by Heinrich Bothe. He sued as administrator, and his pleadings were not at any time amended to show that he prosecuted the suit in any other capacity, therefore, he must be treated as having sued in his representative capacity and not as trustee of an express trust. All the evidence, therefore, in respect to who are the heirs of the Bothe girls and in respect to the validity and legal effect of the power of attorney offered in evidence may be excluded from consideration. It is well-settled law that a foreign administrator has no legal capacity to sue in this State. McPike v. McPike, 111 Mo. 225, 20 S. W. 12; Cabanne v. Skinker, 56 Mo. 357; Naylor's Admr. v. Moffatt, 29 Mo. 128. It is equally well settled that where the incapacity of plaintiff to sue is apparent on the face of the petition, his incapacity is waived, unless taken advantage of by special demurrer. Section 547, Revised Statutes 1899; Gregory v. McCormick, 120 Mo. 657, 25 S. W. 565. The petition alleged the death of Meta and Elsa Bothe in the State of Texas, and that plaintiff was appointed administrator of their estates in the county and State where they died, so plaintiff's incapacity to sue unmistakably appeared upon the face of the petition. No special demurrer interposed, hence it follows that plaintiff's incapacity to sue was waived and cannot be raised after judgment in his favor. Gregory v. McCormick, 120 Mo. l. c. 663, 25 S. W. 565, and cases cited.

2. If, however, the decedents were residents of the State of Missouri at the dates of their deaths, then Strode had a legal right to administer on their estates here; whether or not they were such residents was an issue of fact to be determined by the trial court. It determined that fact in favor of the plaintiff and it seems to us that the preponderance of the evidence is in favor of the court's finding. The judgment is for the right party and is affirmed. All concur.