FELIX LEUTZINGER, Appellant, v. CLARA M. McNEELY, Administratrix of the Estate of MINNIE LEUTZINGER, Deceased, Respondent.[*]

St. Louis Court of Appeals. Opinion filed May 5, 1925.

1. **DIVORCE: Alimony: In Gross: Appeals: Appeal Without Bond: Death of Wife Pending Appeal: Alimony Due and Payable Before Death of Wife.** In an action for divorce where the wife was

granted a decree of divorce and alimony in gross and the husband appealed, but filed no appeal bond, and the wife died before the appeal was heard, under sections 1473 and 1807, Revised Statutes 1919, the entire sum was due and payable before the death of the wife.

2. **ALIMONY: In Gross: Judgments: Judgment for Alimony Confers Vested Property Rights.** A decree awarding alimony in gross to the wife became a vested property right, and where the wife died after the husband had perfected an appeal without bond but before such appeal had been heard, such right survives the death of the wife in favor of her administratrix.

3. **ABATEMENT AND REVIVAL: Decree Awarding Alimony in Gross: Death of Wife Pending Appeal: Stipulations: Appointment of Foreign Administratrix: Waiver.** Since the judgment of the trial court awarding the wife alimony in gross was one which survives the death of the wife, the appointment of an administratrix by the court of another State was a matter the irregularity of which could be waived by stipulation.

4. **DIVORCE: Decree for Wife: Alimony in Gross: Evidence: Sufficiency.** As to the decree awarding the wife a divorce and alimony in gross, where the husband appealed but filed no appeal bond and the wife died before the appeal was heard, the appellate court is concerned only in the decree awarding the divorce in so far as the same is the support of the alimony award. Evidence reviewed and *held* to sustain the decree awarding the wife the divorce.

*Headnotes 1. Divorce, 19 C. J., Section 765; 2. Divorce, 19 C. J., Section 633 (Anno); 3. Divorce, 19 C. J., Section 633 (Anno); Stipulations, 36 Cyc., p. 1285; 4. Divorce, 19 C. J., Section 367.

Appeal from the Circuit Court of Jefferson County.— *Hon. James Booth*, Special Judge.

AFFIRMED.

*Joseph G. Williams* for appellant.

*R. E. Kleinschmidt* for respondent.

(1) The evidence in this case was sufficient for court to grant the wife a divorce and to decree alimony in her favor. Hall v. Hall, 117 Mo. App. 182; McCartin

v. McCartin, 37 Mo. App. 471. (2) In divorce cases the appellate court will defer to the findings of the trial court, where the evidence is conflicting and evenly balanced. Munchow v. Munchow, 78 Mo. App. 99; Libbe v. Libbe, 157 Mo. App. 701; 19 C. J., pp. 192 and 193, secs. 477 and 478.

DAUES, P. J.—This is an action for divorce between plaintiff and his wife, Minnie Leutzinger. Plaintiff's petition charges the wife with desertion; the wife filed a cross bill denying the allegations of the petition and charged plaintiff with indignities. The chancellor dismissed plaintiff's petition and found for defendant on her cross bill, awarding her an absolute divorce and decreed alimony in gross in the sum of $2000. After an appeal, without bond, was perfected to this court by plaintiff, the wife died, whereupon the death of the defendant was suggested and Clara M. McNeely, the only child of the litigants, the administratrix of the estate of defendant, entered her appearance, and thereupon counsel for plaintiff and defendant stipulated for a revival of the cause in the name of said administratrix. Appellant subsequently filed a motion to reverse the judgment on the record, the ground being that the judgment for alimony does not survive the death of the wife, and that this cause of action cannot be revived in the name of the respondent as administratrix appointed by the Superior Court in Los Angeles county, California. This motion was taken with the case, and at the outset presents a serious question for solution.

A certified copy of the appointment of said administratrix was duly filed in this court with respondent's motion to revive in the name of the administratrix, with her voluntary entrance of appearance. Before the case was set for hearing in this court, as already stated, counsel for the parties, in writing, stipulated that the cause be revived in the name of the respondent as such

administratrix, and also stipulated for a continuance of the case to this term.

It is now argued that appellant's counsel had no power to stipulate that a foreign administratrix could represent the deceased in a revival of this action. Death, of course, ends the marriage contract. The question is whether a judgment for alimony in gross survives under the circumstances of this case. The alimony allowed by the trial court was an amount in gross, and no appeal bond having been filed, the entire sum was due and payable before the death of the wife. [Sections 1807 and 1473, Revised Statutes 1919.]

We find no Missouri case directly deciding the question as to whether when a divorce is granted the wife and alimony in gross is awarded, and she dies pending an appeal, her legal representatives may enforce the collection of the award. In the case of Downer v. Howard, 44 Wis. 82, the Supreme Court of Wisconsin held that the administrator of the wife's estate is presumed to have such interest in behalf of the wife's creditors as to have the appeal continued in his name on a judgment for costs and suit money. In Coffman et al. v. Finney et al., 61 N. E. 155, the Supreme Court of Ohio held that when both parties died pending the appeal from a judgment for alimony, the cause survived as to the legal representatives of the parties.

Schouler, on Marriage and Divorce, etc., Vol. 2, sec. 1677, states the rule to be that ''the action may survive as to judgment for alimony and the rights of third persons.''

Keezer, in his work on Marriage and Divorce (second edition), sec. 436, says that when a divorce has been granted and alimony is allowed the action survives as to the judgment for alimony. Both authors cite Masterson v. Ogden, 78 Wash. 644, 139 Pac. 654. It is there decided in a case exactly in point that though the divorce action as to the marriage bonds is ended by death of the wife after the appeal was granted, the action survived

as to the judgment for alimony, and the alimony in that case was a money judgment.

In Ruling Case Law, sec. 214, the same rule is announced.

In our own jurisdiction it has been held in slander and libel cases, which ordinarily do not survive, that where there is a judgment in favor of plaintiff in the trial court the action does not abate but may be carried on in the name of the legal representative. [Lewis v. McDaniel, 82 Mo. 577.]

In Nelson v. Nelson, 282 Mo. 412, 221 S. W. 1066, our Supreme Court, on banc, has discussed, though not actually decided, this very question. In that opinion the history and effect of judgments for alimony is exhaustively reviewed. It is there said, at page 421, that an allowance of a sum of money in gross as alimony is given by the court as will fairly and reasonably compensate the wife for the loss of her support by the annulment of the marriage contract, and, said the court, "in this limited sense at least it may be deemed an assessment of damages in her favor for breach of the contract by her husband." It is further said that statutory alimony is not support furnished by an unwilling husband on compulsion of a court, but is compensation for the loss thereof adjudged her in an action at law, citing Chapman v. Chapman, 269 Mo. 663, 192 S. W. 488. The Nelson case, supra, also points out that such judgment for alimony in gross is subject to the same incidents as judgments in other action at law. The opinion further states that under the unwritten law, unpaid arrearages of alimony upon the decease of the wife could not be collected by her legal representatives. But by clear inferentiation the court views the proposition differently under our present law, and we think admits the view that a judgment for alimony confers a vested property right in the wife. [See also: Lemp v. Lemp, 294 Mo. 295, 155 S. W. 1057; Nolker v. Nolker, 257 S. W. 798.]

Very recently, in Alt v. Alt, 249 S. W. 153, this court had before it a case wherein the defendant, the

wife, appealed from a judgment of divorce rendered in favor of her husband. After submission of the case here on appeal the husband died. Such death was suggested, and it was the decision of this court that the judgment appealed from should be affirmed, notwithstanding, and the judgment was entered *nunc pro tunc* as of the day on which it was taken under submission.

We are of the opinion that the decree awarding the alimony in gross to the wife became a vested property right, and survives the death of the wife in favor of her administratrix. Since the judgment of the trial court was one which we think survives, the appointment of respondent as administratrix by the court of another State was a matter the irregularity of which could be waived by appellant in his stipulation. [Wright et al. v. Wayland, 188 S. W. 928; Gregory v. McCormick, 120 Mo. 657, 25 S. W. 565; Sommer v. Bank, 108 Mo. App. 490, 83 S. W. 1025.]

As to the decree awarding the wife the divorce, we are concerned only in so far as same is the support of the alimony award. Plaintiff's petition is wholly unsupported by the record. The evidence is overwhelmingly to the effect that the husband was a man with a bad reputation for morality. The charge of desertion against the wife is strongly refuted by the testimony of the wife herself and of many witnesses. The defendant left the home of plaintiff only after the husband's conduct became unbearable, and when it was generally known throughout the neighborhood in which these parties lived that plaintiff associated with women of ill repute. His conduct in this respect became so open and notorious that the wife's justification for leaving him is well established.

On the defendant's side, it was shown that she bore an excellent reputation, not only for virtue, but for being a dutiful wife. To support the charges in the cross bill, the specific allegations of which are that the plaintiff frequently and almost continually associated with lewd women; that he compelled defendant to work when

she was sick and not in condition to do so, and that during the last two years of their married life he failed to properly provide for defendant and neglected her while she was ill, and unnecessarily stayed away from home for long periods of time, is well sustained by the evidence, with the exception that plaintiff compelled the defendant to work while sick.

Without reciting in detail the testimony of many witnesses who, seemingly, were disinterested, it was shown that plaintiff wholly disregarded his marital duties; associated with women of bad repute for chastity; that he very regularly stayed away from home for as long as two or three days at a time, and on one occasion, while defendant was sick, remained for two weeks at the home of one of the women with whom his conduct is charged. The excuse offered by plaintiff for this was that he was taking care of this woman and her husband who were sick. There was testimony to the effect that the plaintiff was seen in a compromising situation with one of these women by her husband, who afterwards secured a divorce on that ground. When defendant remonstrated with plaintiff about staying away from home so much of the time, she testified that he replied that if she wanted a man he could provide her with one. The testimony all shows that the wife performed the many duties of a farmer's wife, and that she was ill, which is evidenced by the fact that she has since died. Defendant testified, too, that she was scantily provided with clothing, and that she was required to take old shirts to provide herself with underwear. Without reciting the proof further, we think the chancellor very correctly weighed the evidence in her favor and decreed her a divorce.

As to the $2000 alimony in gross, no point is made that such allowance is excessive, and the evidence well supports the adequacy of the decree in that respect. Judgment affirmed. *Becker* and *Nipper, JJ.,* concur.