**BECKER v. BUDER et al.**

**No. 5883.**

United States District Court
E. D. Missouri, E. D.

Oct. 15, 1948.

Walter J. Schuwerk, of Evansville, Ill., William W. Crowdus and William E. Buder, both of St. Louis, Mo., for plaintiff.

Taylor Sandison, of St. Louis, Mo., for defendant G. A. Buder.

A. U. Simmons, of Clayton, Mo., for defendant A. U. Simmons.

HULEN, District Judge.

Defendants by motions to dismiss challenge the legal right of plaintiff, as a foreign administrator, to maintain the cause set forth in the complaint. The basis of

the defendants' position is that plaintiff's claim accrued and existed under the laws of the State of Missouri and not of the State of Illinois where plaintiff was appointed administrator.

Material to the present issue the complaint alleges that on June 21, 1933 G. A. Franz was entitled in his individual capacity to receive 282,500 shares of Burroughs Adding Machine Company stock from the trustees of the estate of Sophie Franz, and on that date G. A. Franz sold and assigned to Herman C. Becker 1,000 shares of the stock to be delivered according to the terms of a certain agreement made on that date, copy of which is attached to the complaint. At the time of the death of G. A. Franz no distribution of stock had been made, but it is charged that since the 30th day of March, 1940 defendant Gustavus A. Buder has had authority to distribute the stock. The complaint alleges demand for and failure of delivery of the stock to plaintiff, as executor of the estate of Herman C. Becker. Exhibit A is a simple assignment dated in "St. Louis", followed by a notice to the trustees to make delivery of the stock assigned and acknowledgment by the trustees of the service of the assignment. Jurisdiction is based on diversity, plaintiff being a resident of the State of Illinois and the defendants residents of Missouri.

It is conceded by plaintiff that the right of an individual to sue in a representative capacity in the United States District Court must be determined by the law of the State in which the Court is located.

Defendants rely upon a rule of law, nowhere more clearly stated than in Turner v. Alton Banking & Trust Co., 8 Cir., 166 F.2d 305, loc. cit. 307: "Missouri follows the general rule that a foreign executor or administrator may not sue in its courts in his representative capacity for the benefit of the estate. Naylor's Adm'r v. Moffatt, 29 Mo. 126; May v. Burk, 80 Mo. 675; Gregory v. McCormick, 120 Mo. 657, 25 S.W. 565, 566; Wells v. Davis, 303 Mo. 388, 261 S.W. 58; In Re Thompson's Estate, 339 Mo. 410, 97 S.W.2d 93. And this disqualification, of course, is applicable also in a suit brought in the federal court in that State based on diversity of citizenship. Moore v. Mitchell, 281 U. S. 18, 24, 50 S.Ct. 175, 176, 74 L.Ed. 673, and cases there cited."

Plaintiff counters, admitting the law to be correctly stated in the Turner case as of "January 1, 1945" and argues that by virtue of the new code of civil procedure plaintiff's right to maintain this case is provided for. Laws of Missouri 1943, Sec. 14, p. 360, Mo.R.S.A. § 847.14.[1]

We have read the statute upon which plaintiff relies and it is our conclusion that the statute, like Sections 856, 857 and 858 of the law repealed by it, refers only to claims accruing or existing "under the law of another state". Sub-paragraph (a) plainly so provides. If the claim set forth in the complaint is one existing under the law of the State of Illinois, it is our opinion plaintiff can maintain it. If the cause of action exists by virtue of the laws of the State of Missouri, plaintiff cannot maintain it. Therefore ruling on defendants' motions calls for a determination whether it appears on the face of the pleading in what state the claim accrued. If the defect is apparent from the pleading the proper procedure to raise the question is by motion to dismiss. L. Singer & Sons v.

[1] "§ 847.14. Parties to suit when cause of action accrues in another state—proceeds, how distributed

"(a) Whenever a claim exists under the law of another state, action thereon may be brought in this state by

"(1). the person or persons entitled to the proceeds of such claim if he or they are authorized to bring such action by the laws of said other state;

"(2). the executor, administrator, guardian, guardian ad litem or other person empowered by the laws of said other state to sue in a representative capacity if the person or persons entitled to the proceeds of such claim are not authorized to sue in such cases under the law of said other state.

"(b) In the cases mentioned in (2) above, the proceeds of the action, resulting either from judgment or settlement, shall be paid to the person bringing such suit and such person is authorized to satisfy the judgment and execute release. Such person to whom the proceeds are paid shall have authority to distribute and pay same to the person or persons entitled thereto, according to their respective interests therein, under the laws of said other state."

Union Pac. R. Co., 8 Cir., 1940, 109 F.2d 493.

Defendants brief their position on the theory that it appears on the face of the complaint that the cause of action accrued in the State of Missouri. They point with emphasis to Exhibit A attached to the complaint as being headed "St. Louis, Missouri," and that the acknowledgment of service of the assignment is dated "St. Louis, Missouri, June 21, 1933". The exhibit does not state with certainty where delivery is to be made by the defendants, and particularly defendant Gustavus A. Buder. The exhibit does say that delivery shall be made "direct to H. C. Becker" and defendant Buder in the acknowledgment, and Franz also in the acknowledgment, agreed to "carry out the directions of G. A. Franz * * * and deliver the foregoing stock in accordance therewith to H. C. Becker." Defendants rely on Motherstadt v. Harry Newman, Inc., 204 Mo.App. 619, 217 S.W. 591; St. Charles Savings Bank v. Thompson and Gray Quarry Co., Mo.Sup., 210 S. W. 868; State ex rel. Macon Creamery Company v. Mix, Circuit Judge, Mo.App., 7 S.W. 290. These cases, while discussing the point, go to the question of proper venue.

After defendants filed their brief specifically stating their interpretation of the complaint as to the state in which the claim pled accrued, plaintiff filed a brief disputing the conclusions reached by the defendants and asserts the cause of action accrued in Illinois. On this record we are inclined to agree with defendants' position yet hesitate because of the inconclusiveness of the pleadings on the matter referred to.

We have stated our position so that it will be known to the parties. It would appear that the *place* (state) of delivery of the stock, the basis of plaintiff's claim, could be fixed by stipulation, answer, or other procedural method, and the question now before the Court again raised if the record then justifies it, and unless plaintiff sustains his position that his claim exists under the laws of the State of Illinois, trial of this case on the merits will not be called for.

As to the second point raised by defendants that plaintiff's claim as to the administrator of the estate of G. A. Franz is barred by the statute of limitations, we are not satisfied with the briefs on that point as to whether the statute of limitations relied upon by the defendants applies to the case where possession of specific personal property is sought from an administrator in addition to the establishment of a claim against the estate. If the case is to be tried that phase of the law can be more fully presented.

## Order.

Motions of the defendants, and each of them, to dismiss the complaint are overruled.