**In re the Marriage of John E. BYRNE, Appellant,**

**v.**

**Maurine E. BYRNE, Dec'd, J. Patrick Byrne, Executor, Respondent.**

**No. 43960.**

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 7, 1982.

Dennis T. McCubbin, St. Louis, for appellant.

Fred A. Gossom, Preston E. Roskin, Clayton, for respondent.

PUDLOWSKI, Judge.

This is an appeal from a judgment citing appellant for contempt for failure to pay court ordered maintenance and other findings of the court.

John and Maurine Byrne were divorced on March 20, 1972. Pursuant to the decree of divorce, the appellant was ordered to pay alimony of $1750 per month. In May, 1978, the decree was modified and alimony payments were reduced to $750 per month, retroactive to the date on which the motion was filed. The appellant had not made payments since October, 1976, and did not make any payments after modification of the decree. In July, 1979, the wife filed her motion to cite the appellant for contempt. Evidence was heard on January 7, 1981 and the contempt order was signed on January 5, 1981; the trial court ordered that the appellant be confined until payment of $32,055 plus interest, costs and attorney's fees of $4,610. The order was stayed pending this appeal, notice of which was filed on January 22, 1981. Maurine Byrne died on February 2, 1981 and her executor was substituted as a party.

■ The appellant raises ten points on this appeal. He attacks the contempt citation on various procedural grounds, argues that there was insufficient evidence to support the award of attorney's fees, and contends that the trial court was without authority to condition his release upon payment of attorney's fees and costs in addition to back alimony and interest due thereon. He further suggests that his appeal from the order citing him for contempt is moot due to Maurine Byrne's death. We concur with this latter suggestion and hold that the contempt order of the judgment should be set aside.

Unlike criminal contempt, which is essentially punitive in nature, civil contempt "is intended to benefit a party for whom an order, judgment or decree was entered and is designed to coerce compliance." *In re McMillian v. Rennau,* 619 S.W.2d 848 (Mo.

App.1981). Civil contempt has been deemed an appropriate remedy to enforce an obligation to pay alimony, because that obligation is "hinged with a public interest" and payment may be necessary to prevent a former spouse "from becoming a public charge or dependent upon the charity of relatives or friends." *State ex rel. Stanhope v. Pratt,* 533 S.W.2d 567 (Mo.banc 1976). The exigencies which justify a contempt citation are, however, absent when the recipient spouse has died. Her estate still has an enforceable claim against the husband, *Leutzinger v. McNeely,* 273 S.W. 241, 216 Mo.App. 699 (1925), but it does not have the same need for present support as a living person. The estate's claim against the husband is simply a debt, and a judgment for debt cannot be enforced by imprisonment. *See Stanhope, supra,* and Mo. Const., Article I, § 11. We conclude that the judgment of the court below must be vacated insofar as it purports to place the husband in contempt and order his imprisonment.

■ At the same time, we must emphasize that the husband's obstreperousness cannot be condoned. The trial court found that the appellant had ample financial resources and nevertheless willfully disobeyed the court's order. It ordered the appellant to pay $32,055 plus interest for alimony due as of January 15. It also determined that the appellant should pay the court costs and $4,610 in attorney's fees incurred in the contempt proceeding. The appellant has not challenged either the validity or amount of the obligation to pay alimony. He does, however, contend that the court erred in awarding attorney's fees to one of the wife's attorneys. This attorney testified that he had expended approximately 50 hours at $60 per hour, for a total of $3,000. He did not describe the nature of his services. Another attorney for the wife prepared all the pleadings and handled the trial; he expended approximately 22.75 hours. The appellant's attorney was given the opportunity to cross-examine both of the wife's attorneys, but he declined to do so. On appeal, he now contends that the court

**308**

erred in awarding fees to the first attorney, since the testimony did not establish any necessity for the work done or the reasonableness of the fees. We hold that no such showing was necessary. The trial court is, of course, familiar with the case at hand, and our courts are considered to be experts on the subject of attorney's fees, and as such they need have no evidence adduced on the subject to enable them to fix an award. *Hopkins v. Hopkins,* 591 S.W.2d 716, 720 (Mo.App.1979). We will not interfere with such awards absent a clear showing of abuse on the part of the trial court. *Id.* No such showing has been made here by appellant, who has that burden on appeal.

We therefore affirm the trial court's determination of amounts due up to January 15, 1981, and remand for a determination of further amounts due up to the date of the wife's death on February 2, 1981. The trial court is ordered to enter a judgment in compliance with this opinion.

Judgment vacated in part and remanded.

SMITH, P.J., and SATZ, J., concur.